291 So.2d 244 (1974)
Willie Lee MOORE and Mary Moore, His Wife, Appellants,
v.
The SCHOOL BOARD OF PINELLAS COUNTY, Florida and Continental Casualty Company, Appellees.
No. 73-155.
District Court of Appeal of Florida, Second District.
March 6, 1974.
Rehearing Denied April 4, 1974.
*245 I.W. Williams of Minnis, Williams & Milton, St. Petersburg, for appellants.
Thomas B. Freeman of Harrison, Greene, Mann, Davenport, Rowe & Stanton, Seminole, for appellees.
HOBSON, Judge.
Appellant Willie Lee Moore was a patient in Bay Front Medical Center recovering from an operation performed by Dr. R. Huston Babcock. On May 20, 1970, Dr. Babcock ordered an indwelling Foley catheter be inserted in appellant. One Ronald Curran, who at the time was a student nurse engaged in on-job training at Bay Front Medical Center, inserted the catheter. At the time Curran was a trainee at the hospital under an agreement between the appellee school board and the hospital. Appellants allege that Curran negligently and carelessly performed the catheterization causing appellant Willie Lee Moore's penis to become swollen, inflamed and painful, which required surgery.
The agreement between the appellee school board and the hospital contained, among other things, the following:
"IV. THE AFFILIATED AGENCY (HOSPITAL) AGREES TO:
* * * * * *
4.c. Provide the instruction, guidance, supervision, counseling and evaluation of the practical nurse students in cooperation with the SCHOOL.
* * * * * *
5. Share and assist in the responsibilities for the guidance and supervision of the students, particularly in restricted and specialized areas.
* * * * * *
V. THE SCHOOL AGREES:
* * * * * *
3. That the faculty shall be responsible for:
a. Selecting patient assignments in cooperation with the hospital professional nursing personnel and supervising jointly the practical clinical nursing practice learning experience of students."
Curran testified on deposition that a registered nurse employed by the appellee school board supervised him during the time he was in training at the hospital.
The appellee Continental at the time was the insurer of the school board.
The trial court, on motion for summary final judgment filed by the appellee school board, granted a summary final judgment in its behalf on the grounds that the school board did not supervise, control or direct Curran's actions in regards to the care of the appellant.
On review of the record on appeal, we find there are genuine issues of material fact to be determined as to the liability, if any, of the appellees in this cause.
For the foregoing reasons the summary final judgment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
MANN, C.J., and McNULTY, J., concur.